IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL JUNIOR LESCALLETT,

        Plaintiff,               No. 2:11-cv-0061 FCD KJN (TEMP) P

    vs.

MICHAEL McDONALD, et al.,

        Defendants.       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3             The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.

8    28 U.S.C. § 1915A(b)(1),(2).

9             A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

17   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

18   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

19   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

20   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

21   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

22   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

23   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

24   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

25   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

26   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

1    as true the allegations of the complaint in question,  id., and construe the pleading in the light

2    most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3              The court has reviewed plaintiff's complaint and, for the limited purposes of

4    § 1915A screening, finds that it states a potentially cognizable claim against defendants

5    McDonald, Gamberg and Vanleer for violation of plaintiff's right to due process, as that claim is

6    alleged in the complaint's first cause of action.  See 28 U.S.C. § 1915A.

7              For the reasons stated below, the court finds that the complaint does not state a

8    cognizable claim against the remaining defendants.  The claims against those defendants are

9    hereby dismissed with leave to amend.

10             Plaintiff may proceed forthwith to serve defendants McDonald, Gamberg and

11   Vanleer and pursue his claims against only those defendants, or he may delay serving any

12   defendant and attempt to state a cognizable claim against the remaining defendants.

13             If plaintiff elects to attempt to amend his complaint to state a cognizable claim

14   against the remaining defendants, he has thirty days in which to amend the complaint.  He is not

15   obligated to amend his complaint.

16             If plaintiff elects to proceed forthwith against defendants McDonald, Gamberg

17   and Vanleer, against whom he has stated a potentially cognizable claim for relief, then within

18   thirty days he must return materials for service of process enclosed herewith.  In this event the

19   court will construe plaintiff's election as consent to dismissal of all claims against the remaining

20   defendants  without prejudice.

21             Plaintiff is advised that in an amended complaint he must clearly identify each

22   defendant and the action that defendant took that violated his constitutional rights.  The court is

23   not required to review exhibits to determine what plaintiff's charging allegations are as to each

24   named defendant.  The charging allegations must be set forth in the amended complaint so

25   defendants have fair notice of the claims plaintiff is presenting.

26   ////

1       Any amended complaint must show the federal court has jurisdiction, the action is

2 brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

3 must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

4 who personally participated in a substantial way in depriving plaintiff of a federal constitutional

5 right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

6 deprivation of a constitutional right if he does an act, participates in another's act or omits to

7 perform an act he is legally required to do that causes the alleged deprivation).

8       Here, plaintiff has failed to identify any individual defendant who personally

9 participated in the denial of his rights under the Eighth Amendment, as that claim is alleged in

10 the complaint's third cause of action.[1]  If plaintiff contends he was the victim of a conspiracy, he

11 must identify the participants and allege their agreement to deprive him of a specific federal

12 constitutional right.

13       In an amended complaint, the allegations must be set forth in numbered

14 paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

15 single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

16 transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

17 10(b).

18       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

19 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

20 any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

21 P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

22 be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

23

24      [1] Although plaintiff identifies defendant Clark as a responsible party in his second cause

25 of action, the allegations against Clark do not state a cognizable civil rights claim.  Inmates do not have a liberty interest in the processing of administrative appeals, so Clark's alleged role in

26 blocking plaintiff's access to the full appeals process cannot, even if true, be construed a constitutional violation.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

1    <u>N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

2    which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff

3    must not include any preambles, introductions, argument, speeches, explanations, stories,

4    griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

5    <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

6    complaint for violation of Rule 8 after warning); <u>see</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597

7    (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully

8    warranted" in prisoner cases). The court (and defendant) should be able to read and understand

9    plaintiff's pleading within minutes. <u>McHenry</u>, 84 F.3d at 1179-80. A long, rambling pleading

10    including many defendants with unexplained, tenuous or implausible connection to the alleged

11    constitutional injury, or joining a series of unrelated claims against many defendants, very likely

12    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

13    plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

14        A district court must construe a pro se pleading "liberally" to determine if it states

15    a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

16    an opportunity to cure them. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

17    While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

18    cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129

19    S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

20    Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

21    is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

22        A claim has facial plausibility when the plaintiff pleads factual

         content that allows the court to draw the reasonable inference that

23        the defendant is liable for the misconduct alleged. The plausibility

         standard is not akin to a "probability requirement," but it asks for

24        more than a sheer possibility that a defendant has acted unlawfully.

         Where a complaint pleads facts that are merely consistent with a

25        defendant's liability, it stops short of the line between possibility

         and plausibility of entitlement to relief.

26

1    Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

2    framework of a complaint, they must be supported by factual allegations, and are not entitled to

3    the assumption of truth.  Id. at 1950.

4    An amended complaint must be complete in itself without reference to any prior

5    pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

6    files an amended complaint, the original pleading is superseded.

7    By signing an amended complaint, plaintiff certifies he has made reasonable

8    inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

9    impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

10    A prisoner may bring no § 1983 action until he has exhausted such administrative

11    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth

12    v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any

13    departmental decision, action, condition, or policy which they can demonstrate as having an

14    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be

15    presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

16    "action requested."  Therefore, this court ordinarily will review only claims against prison

17    officials within the scope of the problem reported in a CDC form 602 or an interview or claims

18    that were or should have been uncovered in the review promised by the department.  Plaintiff is

19    further admonished that by signing an amended complaint he certifies his claims are warranted

20    by existing law, including the law that he exhaust administrative remedies, and that for violation

21    of this rule plaintiff risks dismissal of his entire action, including his claim against [defendant(s)

22    name(s)].

23    Accordingly, IT IS HEREBY ORDERED that:

24    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26    The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Gower, Draft, St. Andre, Clark and Audette are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants McDonlad, Gamberg and Vanleer. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed January 6, 2011, three USM-285 forms and instructions for service of process on defendants McDonlad, Gamberg and Vanleer. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and one copy of the January 6, 2011, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants McDonlad, Gamberg and Vanleer will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Gower, Draft, St. Andre, Clark and Audette without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: April 22, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lesc0061.14option

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8   DARRELL JUNIOR LESCALLETT,

9              Plaintiff,                    No.  2:11-cv-0061 FCD KJN (TEMP) P

10         vs.

11  MICHAEL McDONALD, et al.,

12             Defendants.                    <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>
    _____/

13

14             Plaintiff hereby submits the following documents in compliance with the court's

15  order filed _____:

16             _____         completed summons form

17             _____         completed forms USM-285

18             _____         copies of the _____
                                          Amended Complaint

19

20             _____   Plaintiff consents to the dismissal of defendants
                       [names] without prejudice.

21
          OR

22
               _____   Plaintiff opts to file an amended complaint and delay service of process.

23

24  Dated:

25

26                                    _____
                                              Plaintiff